IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FRANCIS GRANDINETTI, #A0185087, | ) ) | Civ. No. 17-00215 DKW-KJM |
|---|---|---|
| Plaintiff, vs. WES MUN, et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | ORDER: (1) VACATING DEFICIENCY ORDER; (2) DENYING INJUNCTIVE RELIEF; AND (3) DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

## ORDER: (1) VACATING DEFICIENCY ORDER; (2) DENYING INJUNCTIVE RELIEF; AND (3) DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is pro se Plaintiff Francis Grandinetti's civil rights Complaint and "TRO Application." ECF No. 1. Grandinetti is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. He names Hawaii Department of Public Safety ("DPS") officials and employees, the Honololu Police Department and its former Chief Louis Kealoha, the Hawaii Attorney General, and unidentified individuals who are apparently employed at SCC as Defendants. Grandinetti complains that there was an "erroneous 'Municipal Court' hearing" in Arizona on April 12, 2017, and that he is (or was) "'too injured' for any court appearances or parole hearings." *Id.*, PageID #1. He says a "hospital exam, past-

due, is more appropriate and of merit." *Id.* He provides no other details in support of his claims or request for injunctive relief.

Because Grandinetti did not pay the $400.00 filing fee or file an Application to Proceed In Forma Pauperis ("IFP") when he filed this action, the court issued an automatic Deficiency Order directing him to do so within twenty-eight days. ECF No. 3. Based on the following, the Court vacates the Deficiency Order, denies Grandinetti's request for injunctive relief, and dismisses this action.

## I. **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, unless he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

2

The imminent danger exception only "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

## II. **APPLICATION**

Grandinetti has accrued at least three strikes pursuant to 28 U.S.C. § 1915(g),[1] has been notified of these strikes, and may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he is in imminent danger of serious physical injury. He alleges no facts, makes no claims, and provides no explanation of how any Defendant violated his rights, however, nor does he offer evidence or even claims of imminent danger of serious physical injury.

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LEK (D. Haw. 2005). *See* PACER Case Locator http://pacer.psc.uscourts.gov.

Attached to Grandinetti's Complaint and Motion are seventeen documents styled as "Medical Requests," several letters, and other random information. The Court has reviewed these exhibits to determine whether they plausibly support an allegation that Grandinetti faced imminent danger of serious physical injury when he submitted this Complaint. They do not. These documents discuss Grandinetti's past injuries, note what he has or has not eaten, detail when he attended recreation, and offer other mundane facts of his life at SCC. One document shows that Grandinetti refused a physical or mental health examination before he was allegedly supposed to appear at the Arizona Municipal Court as a witness, contradicting his vague claim that he required a hospital examination before he attended this hearing. *See* Compl., ECF No. 1, PageId #8. Grandinetti has not made a credible, coherent, or plausible allegation that he is in imminent danger of serious physical injury.

### III. MOTION FOR INJUNCTIVE RELIEF

The standard for deciding requests for temporary restraining orders or preliminary injunctions is the same and is well established. *See* Fed. R. Civ. P. 65. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff seeking a temporary restraining order "must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). In cases brought by prisoners involving conditions of confinement, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Grandinetti provides no basis for issuing injunctive relief. Neither his pleading, Motion, nor exhibits show serious questions going to the merits of any claim, or that the balance of hardships tips sharply towards issuance of a preliminary injunction, or "that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citing *Winter* test).

## IV. **CONCLUSION**

Grandinetti does not plausibly allege that he is in imminent danger of serious physical injury and he may not proceed IFP in this action. Accordingly, the Deficiency Order, ECF No. 3, is VACATED and this action is DISMISSED without prejudice to his refiling these claims in a new action with concurrent

5

payment of the civil filing fee. To the extent Grandinetti seeks injunctive relief, his request is DENIED. Any other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: May 26, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Francis Grandinetti v. Wes Mun, et al.,* Civil No. 17-00215 DKW-KJM; **ORDER: (1) VACATING DEFICIENCY ORDER; (2) DENYING INJUNCTIVE RELIEF; AND (3) DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

*Grandinetti v. Mun*, 1:17-cv-00215 DKW-KJM; 3 stks 2017 (Vac def ord, dny TRO, dsm)